156

**KING v. READING CO. et al.**

No. 13152.

District Court, E. D. New York.
March 16, 1933.

Thomas A. McDonald, of New York City, for libelant.

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel), for respondent Reading Co.

A. Mark Levien, of New York City, for respondent Champion Coal Co., Inc.

GALSTON, District Judge.

A second amended libel alleges that the Champion Coal Company, Inc., chartered the barge Millwood on January 28, 1932; that the coal company caused the barge to be towed by the Reading Company to its coal docks at Port Reading, N. J., to be loaded with coal by the Reading Company and to be returned to a point of destination in New York Harbor; that the barge was thereupon overloaded by the Reading Company, despite the protest of the bargee, with consequent damage.

The charter was oral. The Champion Company took the boat on the direct representation that she was only a 450-ton boat and not a 500-ton boat, as had been at first required. The boat was then towed at the request of the Champion Company by the Reading Company to Port Reading. Arrived at Port Reading, in accordance with the custom, the bargee reported his boat as a boat to be loaded with 450 tons of coal. Despite that limitation, the Reading Company loaded the boat with about an additional 30 tons. As they were about to load the last car, the bargee protested to one of those engaged in the operation that his boat could not take the additional coal. The reply was that the coal had been dumped in the chute and could not be placed elsewhere than on the boat.

After the boat was thus overloaded, she had a list, and men were sent on board to trim the cargo. Then she listed to the other side and took water. The barge was then towed to the south side of Pier 2, where she was put in the mud for safety. Later in the day the boat was pulled off the mud, and the next morning, because of the leaking condition of the barge, she was again placed in the mud. Therafter the hawser line, with which the Millwood was made fast to another boat, broke, and it slid off into deep water.

The controversy is as to the cause of the sinking. The libelant contends that the sole cause was the overloading. The Reading Company asserts that the sinking was caused by the unseaworthiness of the vessel. I think both causes contributed to the damage. There is no doubt that there was an excess loading of 30 tons. To what extent such overloading contributed to the damage is not clear, but that it did contribute seems reasonably probable.

On the other hand, there was proof of unseaworthiness. The captain of the barge in a signed statement admitted that his boat had a leak at the stern and had a rotten plank.

A disinterested witness, Bennett, captain of the boat J. J. Cain, went on the Millwood to assist Rivers and found 2 feet of water in her. He helped the captain start his engine and tried to get the water out, but the water gained, and they found a leak in the stern. Efforts to stop the leak by putting oakum in it failed, because the oakum would not hold. There was no evidence of seaworthiness offered by the libelant. No survey was held until a month after the occurrence; and, in consequence, the testimony of the surveyor in respect to the cause of the sinking is not persuasive.

As charterer, the Champion Company is, of course, responsible for the negligence of the Reading Company; but the primary responsibility is that of the Reading Company, and the Champion Company is but secondarily liable, Shamrock Towing Co. v. City of New York (C. C. A.) 32 F.(2d) 684, since there was no proof of any affirmative act of negligence on the part of the Champion Company.

Half damages may be allowed. Settle decree on notice.

If this opinion is not in sufficient compliance with the rule requiring findings of fact and conclusions of law, submit findings of fact and conclusions of law in accordance therewith.